UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KENNETH PRUITT,<br>    Petitioner, | Case No. 1:11-cv-340 |
| vs. | Beckwith, J.<br>Bowman, M.J. |
| WARDEN, PICKAWAY<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, respondent's motion to dismiss (Doc. 4), and petitioner's response. (Doc. 5).

**I.　PROCEDURAL HISTORY**

### State Trial and Direct Appeal

On March 26, 2009, the Hamilton County, Ohio grand jury returned a seven count indictment charging petitioner with three counts of possession of cocaine, in violation of Ohio Rev. Code § 2924.11(A), two counts of trafficking in cocaine, in violation of Ohio Rev. Code § 2925.03(A), and one count of having weapons while under disability, in violation of Ohio Rev. Code § 2923.13(A)(3). (Doc. 4, Ex. 1). On March 22, 2010, after having entered a not-guilty plea, petitioner withdrew his initial plea and plead guilty to the charges. (Doc. 4, Ex. 2). Petitioner was sentenced to an aggregate sentence of five (5) years on August 3, 2010.[1] (Doc. 4,

---

[1] On May 17, 2010, prior to receiving his sentence, petitioner filed a petition for a writ of habeas corpus in Case No. 1:10-cv-313. (Doc. 4, Ex. 4); *see Pruitt v. Warden*, 1:10-cv-313 (S.D. Ohio May 17, 2010) (Barrett, J; Hogan, M.J.) (Doc. 1). The Court issued a Report and Recommendation recommending that the petition be dismissed without prejudice, finding that the motion was premature and that petitioner had not exhausted his claims for relief in the state court. (*See* Doc. 4, Ex. 5). On June 25, 2010, the Court adopted the Report and Recommendation and the petition was denied without prejudice. (Doc. 4, Ex. 6, p. 2).

Through counsel, petitioner filed a timely appeal to the Ohio Court of Appeals on September 1, 2010. (Doc. 4, Ex. 7). In his brief, petitioner raised three assignments of error:

1. THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

2. THE TRIAL COURT ERRED AS A MATTER OF LAW BY SENTENCING APPELLANT TO ALLIED OFFENSES OF SIMILAR IMPORT.

3. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS THUS PREJUDICING HIS RIGHT TO A FAIR HEARING.

*Id*. On September 30, 2011, the Ohio Court of Appeals affirmed the judgment of the trial court with regard to assignment of error one and three.[2] The appellate court sustained petitioner's claim "that he was improperly convicted of trafficking and possession charges where they were allied offenses of similar import and, as such, should have been merged at sentencing." *See supra* n.2. The Court remanded the case to the trial court for re-sentencing and, on November 14, 2011, the trial court dismissed three counts of the indictment and sentenced petitioner to an aggregate sentence of five years.[3]

## Post Conviction Proceedings

On August 11, 2010, petitioner filed a motion for jail time credit, requesting that the trial court reduce his sentence pursuant to Ohio Rev. Code § 2945.71(E). *See supra* n.3. Petitioner

---

[2] In the motion to dismiss, respondent noted that at the time of filing no decision had been rendered in petitioner's appeal. (Doc. 4, p. 3). However, since the motion was filed, the Ohio Court of Appeals issued a judgment affirming in part and reversing in part. The decision was found at www.courtclerk.org/case.asp, under Case No. C 1000587.

[3] Found at www.courtclerk.org/case.asp, under Case No. B 0901851.

argued that he had been confined from March 18, 2009 through July 28, 2010, that each day of confinement is computed as three days under § 2945.71(E), and that he should therefore be credited for approximately 1,500 days of jail time. *Id.* On August 24, 2010, the trial court granted petitioner's motion and granted "credit for time served for a total of 11 days credit (as of the date of sentencing), plus conveyance time to the institution." Petitioner filed a motion to clarify the trial court's entry granting his motion for jail time credit on December 13, 2010, noting that the trial court had found his motion "well taken," but had omitted the amount of jail-time credit awarded. (Doc. 4, Ex. 12, p. 6). On February 17, 2011, the trial court granted petitioner's motion for jail time credit, granting petitioner credit for 1530 days. (Doc. 4, Ex. 10). The following day, the trial court entered an order setting aside the prior order, re-granting petitioner's motion for jail time, and awarding petitioner 553 days credit. (Doc. 4, Ex. 11). Petitioner filed a letter and motion to verify the entry granting his motion for jail credit with the court, however on April 26, 2011, the trial court issued an order denying all pending motions. (*See* Doc. 4, Ex. 13).

  Petitioner subsequently filed a petition to vacate or set aside judgment of conviction or sentence, a motion for expedient nunc pro tunc ruling, a motion for expert assistance, and a motion for appointment of counsel. (Doc. 4, Exs. 12, 14; *supra* n.3). Petitioner moved the court to reinstate its order granting him jail-time credit of 1530 days in his motion for expedient nun pro tunc ruling. (Doc. 4, Ex. 12). In the petition to vacate, petitioner also argued that he was deprived of his constitutional rights under the Sixth Amendment because he "was not provided proper notification, pursuant to Section 2925.51 of the Ohio Revised Code . . . of the alleged substances found in [his] apartment." (Doc. 4, Ex. 14, p. 4). On May 4, 2011, the trial court

3

entered an order denying all pending motions. (Doc. 4, Ex. 15).

On July 8, 2011, petitioner filed a "complaint" to the Ohio Court of Appeals, challenging the trial court's rulings regarding his jail time credits and other post-conviction motions. (Doc. 4, Ex. 16). Construing the filing as a petition for a writ of mandamus, the Ohio appellate court dismissed petitioner's petition on August 24, 2011.[4] (*See* Doc. 5, p. 2). It does not appear that petitioner has appealed this decision to the Ohio Supreme Court.

On July 13, 2011, petitioner filed a second motion for a nunc pro tunc ruling with the trial court. *See supra* n.3. Therein, petitioner questioned the validity of the signatures on the trial court's order granting him 553 days of jail credit and subsequent orders dismissing all pending motions. Petitioner argued "that since the 'validity' of the signatures hasn't been authenticated then this alone makes those orders invalid and would reinstitute the February 17, 2011 motion." *Id.* On July 15, 2011, the trial court denied petitioner's motion, again dismissing all pending motions. *Id.*

On November 28, 2011, petitioner filed a notice of appeal with the Ohio Court of Appeals.[5] The online docket indicates that the appeal remains pending. Petitioner has been assigned counsel and, on December 21, 2011, the case was placed on the appellate court's accelerated calendar.

Finally, on January 24, 2012, petitioner filed a motion for correction, asking the trial court to correct its order concerning jail time credit. *Supra* n.3. Petitioner's motion was denied on January 25, 2011. *Id.*

---

[4] Entry found at www.courtclerk.org/case.asp, under Case No. C 1100419.

[5] Found at www.courtclerk.org/case.asp, under Case No. C 1100768.

4

**Ohio Supreme Court**

Meanwhile, acting pro se, petitioner filed a notice of appeal to the Supreme Court of Ohio on November 9, 2011.[6] In his memorandum in support of jurisdiction, petitioner argues that he was forced to plead guilty and that "the appellat[e] court should have sustained Appellant's first assignment of error," which challenged the trial court's failure to withdraw his guilty plea. *See supra* n.6. Petitioner also notes that he was "misled by his trial counsel, and his trial counsel was ineffective." *Id.* Petitioner argues that counsel failed to raise any pretrial issues in his case and that he was forced to file pro se motions throughout pretrial proceedings. *Id.* To date, it does not appear that the Ohio Supreme Court has issued a ruling in his case.

**Federal Habeas Corpus**

On May 24, 2011, prior to filing his appeal to the Ohio Supreme Court, petitioner filed the instant petition. Petitioner raises two grounds for relief:

> **GROUND ONE**: My motion for jail time credit was granted on February 17th, 2011, and the trial court's bailiff interfered with the Court's decision, and had the Bureau of Sentence Computation change my release date, on February 18th, 2011.
>
> Supporting Facts: On February 17th, 2011, an entry granting motion for jail time credit was signed by the presiding judge. The Adult Parole Board Authority then made their decision, on the same date, to place me on Post Release Control, for a term of 5 yrs. On February 18th, 2011, the Court's Bailiff sent the Bureau of Sentence Computation an order, unaccompanied by the Judge's signature, which minused (sic) 977 days of credit for time served, the presiding Judge had previously granted, and clarified.
>
> **GROUND TWO:** I filed a petition for post conviction relief on May 2nd, 2011, and it was denied by the Court's Bailiff on May 4th, 2011, without reason.

---

[6] Found at http://www.sconet.state.oh.us/Clerk/ecms/, under Case No. 2011-1907.

>   <u>Supporting Facts</u>: I was charged with all counts of my indictment after I was arrested in March 2009.  I never received a notification to identify the substances I was being charged with.  I was also deprived of a fast and speedy trial.  The motion for jail time credit was granted, and clarified by the presiding Judge on February 17th, 2011, but the Bailiff was interfering and denying all my motions, so I filed a post conviction relief petition.

(Doc. 1, pp. 6-8).

Respondent opposes the petition and has filed a motion to dismiss.  (Doc. 4).  Therein, respondent contends that the petition should be dismissed without prejudice because petitioner's claims are unexhausted.  *Id.*

## II.     RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

In Ground One of the petition, petitioner contends that the trial court's bailiff interfered with the trial court's decision to award him jail time credits.  (Doc. 1, p. 5).  In Ground Two of the petition, petitioner argues that he was deprived of due process on account of his never receiving "notification to identify the substances I was being charged with" pursuant to Ohio Rev. Code § 2925.51, and that he was deprived of a fast and speedy trial.  (Doc. 1, pp. 6-8).  As noted previously, respondent contends that the petition should be dismissed without prejudice, arguing that petitioner's claims are unexhausted and currently pending before the Ohio courts.  (Doc. 4, p. 8).

The resolution of this issue requires an understanding of the principles of exhaustion and waiver in habeas corpus cases, which although overlapping to some degree, are separate and distinct concepts leading to either dismissal of unexhausted claims without prejudice when exhaustion principles are applied or the denial of such claims with prejudice when waiver

6

principles are invoked.[7]

The waiver and exhaustion principles are premised on the same underlying rationale. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

Although premised on the same concerns, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations. If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition may be dismissed without prejudice (or in

---

[7] Because the instant petition is not a "mixed" petition containing both exhausted and unexhausted claims, *see Rose v. Lundy,* 455 U.S. 509 (1982), the "stay-and-abeyance" procedure adopted to protect "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," *Duncan v. Walker,* 533 U.S. 167, 184 (2001) (Stevens, J., concurring), is inapplicable. Under such procedure, the district court may stay the exhausted portion of the petition pending the resolution of the unexhausted claims in the state courts. However, in cases such as this, where the petitioner has failed to exhaust any of his claims for relief, the court has no basis to retain jurisdiction during the time petitioner returns to the state courts to exhaust an available remedy. *See, e.g., Carpenter v. Reynolds,* 212 F.Supp.2d 94, 98 (E.D.N.Y. 2002); *Baity v. McCary,* No. 02 Civ.1817 LAPAJP, 2002 WL 31433293, at *2 & n.3 (S.D.N.Y. Oct. 31, 2002) (unpublished) (and cases cited therein); *cf. Stedman v. Hurley,* No.1:05cv2051, 2006 WL 2864319, *8-9 (N.D. Ohio Oct. 4, 2006) (Report & Recommendation) (unpublished) (involving a petition containing only exhausted claims, where the petitioner sought to exhaust a claim not alleged in the petition); *Razo v. Bradshaw,* 1:05cv1106, 2006 WL 1805896 (N.D. Ohio June 29, 2006) (unpublished) (same). In any event, a stay is inappropriate in the absence of "good cause" for petitioner's failure to exhaust his claims first in the state courts as required under *Rhines v. Weber,* 544 U.S. 269, 277 (2005).

cases involving "mixed" petitions, administratively stayed) pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). The exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2). Nevertheless, there is a strong presumption in favor of requiring exhaustion of state court remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

On the other hand, if petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S.

107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, it is clear from the record before the Court that petitioner has not exhausted his available state court remedies with respect to his two grounds for relief. Although petitioner raised these claims in his May 2, 2011 post-conviction petition in the trial court and in his July 8, 2011 "complaint" to the Ohio Court of Appeals, petitioner has not presented the claims to the Ohio Supreme Court. Furthermore, because petitioner did not appeal to the Ohio Supreme Court within 45 days of the Ohio Court of Appeals' August 24, 2011 judgment, as is required under Ohio Sup. Ct. R. II, § 2(A)(1), petitioner may no longer have an avenue of relief for these claims. *See* Ohio Sup. Ct. R. II, § 2(A)(4)(c) (noting that the provisions for delayed appeals do not apply to appeals involving post-conviction relief).

Nevertheless, out of an abundance of caution and because petitioner currently has a pending appeal in Case No. C 1100768 before the Ohio Court of Appeals,[8] petitioner's unexhausted claims should not be dismissed with prejudice as waived, but rather without prejudice on exhaustion grounds. The Court is unable to determine whether petitioner's pending appeal includes any of the grounds for relief raised in the instant petition. Because Ohio R. App. P. 5(A) provides the Ohio Court of Appeals with the discretion to consider a delayed appeal, it is at least possible that petitioner could exhaust his claims by presenting them to the Ohio Supreme Court if unsuccessful in the Court of Appeals.

The Court also notes that the one year statute of limitations set forth in 28 U.S.C. §

---

[8] *Supra* n.5.

2244(d)(1)(A) has not yet begun to run because petitioner's conviction is not yet "final."[9] Because the statute of limitations has not commenced running in this case, petitioner "is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies" currently pending in the Ohio courts. *Cf. Mingo v. Michigan,* No. 1:06-CV-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (unpublished). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 4) be **GRANTED** and the petition (Doc. 1) be dismissed without prejudice to refiling after petitioner has exhausted his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[10] *Cf. Mingo, supra,* 151901, at *4.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this

---

[9] Under § 2244(d)(1)(A), the statute begins to run when the judgment of conviction becomes "final" by the conclusion of direct review or the expiration of time for seeking such review. As respondent has noted in the motion to dismiss, because direct review has not concluded, petitioner's judgment has not become final under § 2244(d)(1)(A).

[10] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis*. See Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH PRUITT,
    Petitioner,

vs.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:11-cv-340

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).